IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MITCHELL, ) | No. C 11-524 CRB (PR) |
| Plaintiff, ) | |
| ) | ORDER DIRECTING PLAINTIFF |
| v. ) | TO SHOW CONTINUED INTENT TO PROSECUTE THIS |
| ) | ACTION |
| LOWER-BRODERSON, et al., ) | |
| Defendant(s). ) | |
| ) | |

Plaintiff filed the instant pro se civil rights complaint under 42 U.S.C. § 1983. Plaintiff's last communication with the Court was on May 31, 2011, when he filed a notice of interrogatories. Docket # 3.

On August 3, 2012, the post office returned the court's mail to plaintiff as undeliverable because he was paroled. Docket # 25. The court has received no written communication from plaintiff indicating a current address. On August 29, 2012, defendants' attorney filed a declaration stating that he was informed by Salinas Valley State Prison that plaintiff was paroled on May 29, 2012. Defendant's attorney also informed the court of plaintiff's current mailing address which he obtained from plaintiff's parole agent. Docket # 26.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order. See

Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. See id. A court should afford the litigant prior notice of its intention to dismiss. See Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987). Pursuant to Northern District Local Rule 3-11, a party proceeding pro se whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address. See L.R. 3-11(a).

Plaintiff's last communication with this court was well over a year ago. Plaintiff did not file opposition to defendants' first dispositive motion, which was denied in part and granted in part. Docket # 21. Defendants have since filed a renewed motion for summary judgment. In the interests of justice and judicial efficiency, the Court will not proceed with this action until plaintiff informs the Court of his continued intent to prosecute this action.

Accordingly, no later than **twenty (20) days** of the date of this Order, plaintiff shall file with the court a notice of his continued intent to prosecute. Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. See Malone, 833 F.2d at 133 (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

SO ORDERED.

DATED: Oct. 5, 2012

CHARLES R. BREYER
United States District Judge

2